UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DENA GALLOWAY-CRAWFORD, Individually and as Mother and Natural Guardian of ALAYSHA CRAWFORD, an infant under the age of eighteen years,

                              Plaintiff,      **AMENDED COMPLAINT**

          -against-                        10 CV 4915 (NG) (SMG)

THE CITY OF NEW YORK, DET. CHRISTOPHER MITCHELL, LT. MICHAEL POWER, CAPT. EDWARD WHITE, SGT. GEORGE SMITH, P.O. NICHOLAS ALEXAKIS, DET. JUAN MORENO, DET. PEDRO FLORES, P.O. LOUIS MEADE, DET. STEPHEN JONES, DET. ARNOLDO MARTINEZ, and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),
                              Defendants.

**JURY TRIAL DEMANDED**

------------------------------------------------------------------X

      Plaintiff DENA GALLOWAY-CRAWFORD, individually and as mother and natural guardian of ALAYSHA CRAWFORD, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DENA GALLOWAY-CRAWFORD is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Plaintiff ALAYSHA CRAWFORD is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Plaintiff ALAYSHA CRAWFORD is plaintiff DENA GALLOWAY-CRAWFORD's daughter.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

11. That at all times hereinafter mentioned, the individually named defendants DET. CHRISTOPHER MITCHELL, LT. MICHAEL POWER, CAPT. EDWARD WHITE, SGT. GEORGE SMITH, P.O. NICHOLAS ALEXAKIS, DET. JUAN MORENO, DET. PEDRO FLORES, P.O. LOUIS MEADE, DET. STEPHEN JONES, DET. ARNOLDO MARTINEZ, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

15. On May 14, 2010, at approximately 7:30 p.m., plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD were lawfully present in the premises known as 33-12 107th Street, 1st Floor, in the County of Queens, in the City and State of New York.

16. At aforesaid time and place, defendant police officers broke down the door of plaintiffs' apartment.

17. Defendant police officers then aggressively entered the apartment, terrorizing both plaintiffs and injuring plaintiff ALAYSHA CRAWFORD.

18. Defendant police officers forced plaintiffs to lie on the floor for a period of time, then stood them up and placed them in handcuffs.

19. The handcuffs were deliberately and needlessly excessively tight, and caused pain and injuries to both plaintiffs.

20. Defendants searched and ransacked plaintiffs' apartment.

21. Defendants found no contraband in plaintiffs' apartment.

22. Defendants nonetheless placed plaintiffs under arrest, despite defendants' knowledge that they lacked probable cause to do so.

23. Plaintiffs were transported to the 109th Precinct of the New York City Police Department in Queens, New York, and from there to Queens Central Booking.

24. Plaintiffs were held and detained in custody for approximately twenty-four hours.

25. Plaintiffs were released from custody when all charges against them were dismissed before arraignment by the Queens County District Attorney's Office.

26. As a result of the foregoing, plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD sustained, *inter alia*, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of their constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiffs' liberty was restricted, they were put in fear for their safety, and they were humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any probable cause, privilege or consent.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants caused legal process to be issued to enter 33-12 107th Street, 1st Floor, Queens, New York, and to place plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD under arrest.

40. Defendants entered 33-12 107th Street, 1st Floor, Queens, New York, and arrested plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD in order to obtain a collateral objective outside the legitimate ends of the legal process.

41. Defendants acted with intent to do harm to plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD, without excuse or justification.

### FIFTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights.

44. As a result of the aforementioned conduct of defendants, plaintiffs were subjected to excessive force and sustained physical injuries.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants DET. CHRISTOPHER MITCHELL, LT. MICHAEL POWER, CAPT. EDWARD WHITE, SGT. GEORGE SMITH, P.O. NICHOLAS ALEXAKIS, DET. JUAN MORENO, DET. PEDRO FLORES, P.O. LOUIS MEADE, DET. STEPHEN JONES, DET. ARNOLDO MARTINEZ, and P.O.s JOHN and JANE DOE #1-10 arrested plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD and violated their privacy in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

49. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, a) obtaining no-knock warrants by misrepresenting to judges the reliability of information received from confidential informants; b) entering into premises without having obtained a valid

warrant; and c) manufacturing and/or misrepresenting evidence in an attempt to justify the unlawful entries.

50. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated instances of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Edwin Lopera, et al. v. City of New York,** United States District Court, Eastern District of New York, 03 CV 6441;

- **Ramon Sanchez, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1732;

- **Jose Mateo, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1733;

- **Regina Kitching, et al. v. City of New York**, United States District Court, Eastern District of New York, 06 CV 0364;

- **Tracie Bonneau v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5207;

- **Diane Davis v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 13647;

- **Donna Grant, et al. v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5203;

- **John Saperstein v. City of New York**, United States District Court, Eastern District of New York, 09 CV 0312.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD as alleged herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD as alleged herein.

54. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD were falsely arrested and their home and possessions were unlawfully searched.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD.

56. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs= constitutional rights.

57. The acts complained of deprived plaintiffs DENA GALLOWAY-CRAWFORD and ALAYSHA CRAWFORD of their rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful search;

    D. To be free from malicious abuse of process;

    E. Not to have excessive force imposed upon them;

   F. Not to have summary punishment imposed upon them; and

   G. To receive equal protection under the law.

 58. As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

 **WHEREFORE**, each plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
    April 6, 2011

               _____/s_____
                ROSE M. WEBER (RW 0515)
                225 Broadway, Suite 1607
                New York, NY 10007
                (212) 748-3355